NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ALPS SOUTH, LLC,**
*Plaintiff-Appellee,*

**v.**

**THE OHIO WILLOW WOOD COMPANY,**
*Defendant-Appellant.*

———————————

2013-1122

———————————

Appeal from the United States District Court for the Middle District of Florida in case no. 08-CV-1893, Judge Mary S. Scriven.

———————————

**ON MOTION**

———————————

Before PROST, MOORE, and O'MALLEY, *Circuit Judges.*

MOORE, *Circuit Judge.*

**O R D E R**

Alps South, LLC, moves to dismiss The Ohio Willow Wood Company's appeal as premature. Ohio Willow opposes.

Alps South sued Ohio Willow for patent infringement in the United States District Court for the Middle District of Florida. After a trial, the jury reached a verdict in favor of Alps South. The district court subsequently entered a first and second amended judgment. Still pending at the district court include: the parties' separate motions regarding absolute or equitable intervening rights, Alps South's motion for enhanced damages and fees, and Alps South's motion for a permanent injunction.

Generally, this court has appellate jurisdiction over only "final decisions" of the district courts. 28 U.S.C. § 1295. The Supreme Court "long has stated that as a general rule a district court's decision is appealable under [§ 1291] only when the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A case in which a request for injunctive relief remains pending cannot be said to leave nothing for the district court to do but execute judgment. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 1206-07 (1976). Accordingly, Ohio Willow's contention that the second amended judgment can be considered to be final must fail.

Furthermore, because the motion for a permanent injunction remains pending, the district court's judgment is also not "final except for an accounting" as required for interlocutory appeal under 28 U.S.C. § 1292(c)(2). *Cf. PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed. Cir. 2007) (although notice of appeal was premature because of pending request for injunctive relief, appeal was treated as timely when district court decided injunctive relief claim while appeal was pending).

We have dismissed premature appeals in similar circumstances. *See Advanced Cardiovascular Systems, Inc.*

ALPS SOUTH, LLC v. OHIO WILLOW WOOD CO.                3

*v. Medtronic Vascular, Inc.*, 231 F. App'x 962 (Fed. Cir. 2007); *Surfco Hawaii v. Fin Control Sys. Pty, Ltd.*, 232 F.3d 910 (Fed. Cir. 2000) (unpublished).  We see no reason why that reasoning would not compel the same result here, and grant the motion to dismiss.

Accordingly,

IT IS ORDERED THAT:

(1)  Alps South's motion to dismiss is granted.

(2)  All other pending motions are moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s23